UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

MELINDA KAY ROTHSCHILD,   )
   )
      Plaintiff,   )
   )
v.   )   Case No. 4:18-cv-585-GMB
   )
ANDREW M. SAUL, Commissioner   )
of Social Security,[1]   )
   )
      Defendant.   )

## MEMORANDUM OPINION AND ORDER

Plaintiff Melinda Kay Rothschild applied for supplemental security income under the Social Security Act, alleging a disability onset date of September 11, 2005. R. 147–52. She later amended her onset date to July 30, 2014. R. 45. At the administrative level, the Commissioner (the "Commissioner") of the Social Security Administration ("SSA") denied Rothschild's claim. R. 78–81. Rothschild requested a hearing before an Administrative Law Judge ("ALJ"). R. 75–77. The ALJ held a hearing and subsequently found Rothschild not to be disabled. R. 33 & 41–58. Rothschild requested that the Appeals Council review the ALJ's decision and the Appeals Council denied her request. R. 1. The Commissioner's final decision is

---

[1] Andrew M. Saul became the Commissioner of Social Security on June 5, 2019. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Saul is substituted for Nancy Berryhill as the proper defendant in this case.

subject to judicial review. 42 U.S.C. §§ 405(g) & 1383(c)(3). Rothschild subsequently filed her complaint seeking review in this court of the Commissioner's final decision.

Pursuant to 28 U.S.C. § 636(c)(1) and Rule 73 of the Federal Rules of Civil Procedure, the parties have consented to the full jurisdiction of the undersigned United States Magistrate Judge. Doc. 8. Based upon a review of the evidentiary record, the parties' briefs, and the relevant authority, the court finds that the Commissioner's decision is due to be REVERSED and REMANDED for the reasons set out below.

## I.     STANDARD OF REVIEW

The court reviews a Social Security appeal to determine whether the Commissioner's decision "is supported by substantial evidence and based upon proper legal standards." *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997). The court will reverse the Commissioner's decision if it is convinced that the decision was not supported by substantial evidence or that the proper legal standards were not applied. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). The court "may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner," but rather it "must defer to the Commissioner's decision if it is supported by substantial evidence." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1997) (internal quotation marks and alterations

omitted). "Even if the evidence preponderates against the [Commisioner's] factual findings, [the court] must affirm if the decision reached is supported by substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Moreover, reversal is not warranted even if the court itself would have reached a result contrary to that of the factfinder. *See Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

The substantial evidence standard is met "if a reasonable person would accept the evidence in the record as adequate to support the challenged conclusion." *Holladay v. Bowen*, 848 F.2d 1206, 1208 (11th Cir. 1988) (internal quotation marks omitted) (quoting *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983)). The requisite evidentiary showing has been described as "more than a scintilla, but less than a preponderance." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The court must scrutinize the entire record to determine the reasonableness of the decision reached and cannot "act as [an] automaton[] in reviewing the [Commissioner's] decision." *Hale v. Bowen*, 831 F.2d 1007, 1010 (11th Cir. 1987). Thus, the court must consider evidence both favorable and unfavorable to the Commissioner's decision. *Swindle v. Sullivan*, 914 F.2d 222, 225 (11th Cir. 1990).

The court will reverse the Commissioner's decision on plenary review if the decision applies incorrect law or fails to provide the court with sufficient reasoning to determine that the Commissioner properly applied the law. *Grant v. Astrue*, 255

F. App'x 374, 375–76 (11th Cir. 2007) (citing *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994)). There is no presumption that the Commissioner's conclusions of law are valid. *Id.*

## II.    STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits, a claimant must show the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A claimant bears the burden of proving that he is disabled, and he is responsible for producing evidence to support his claim. *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (per curiam).

A determination of disability under the Social Security Act requires a five-step analysis. 20 C.F.R. § 404.1520(a). The Commissioner must determine in sequence:

(1) Is the claimant performing substantial gainful activity?

(2) Does she have a severe impairment?

(3) Does she have a severe impairment that equals one of the specific impairments set forth in 20 C.F.R. Pt. 404, Sub pt. P, App. 1?

(4) Is the claimant able to perform past relevant work?

(5) Is the claimant unable to perform other work given her residual functional capacity ("RFC"), age, education, and work experience?

*See Frame v. Comm'r, Soc. Sec. Admin.*, 596 F. App'x 908, 910 (11th Cir. 2015); *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986) (quoting 20 C.F.R. § 416.920(a)−(f)). "Once the finding is made that a claimant cannot return to prior work the burden of proof shifts to the [Commissioner] to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citing *Gibson v. Heckler*, 762 F.2d 1516 (11th Cir. 1985)).

## III.   FACTUAL BACKGROUND

Rothschild was 49 years old when she applied for Supplemental Security Income and 52 years old at the time of the ALJ's decision. R. 147. Rothschild has her GED, and she previously worked as a waitress. R. 206. She has alleged that she suffers from the disabilities of bipolar disorder, depression, migraines, and rheumatoid arthritis. R. 205.

On February 14, 2017 the ALJ held a hearing, and on June 1, 2017 the ALJ found Rothschild not to be disabled and denied the claim. R. 20, 33 & 43. In her decision, the ALJ determined that Rothschild does not have an impairment or combination of impairments that meets or equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 26. Examining Listing 12.04, the ALJ determined that Rothschild's "mental impairments do not cause at least two 'marked' limitations or one 'extreme' limitation," and thus "the 'paragraph B' criteria are not satisfied." R. 27. The ALJ also found that the "evidence fails to establish the presence of the 'paragraph C' criteria." R. 27.[2] Rothschild requested

---

[2] Listing 12.04 provides:

    12.04 Depressive, bipolar and related disorders (see 12.00B3), satisfied by A and B, or A and C:

    A. Medical documentation of the requirements of paragraph 1 or 2:

        1. Depressive disorder, characterized by five or more of the following:
            a. Depressed mood;
            b. Diminished interest in almost all activities;
            c. Appetite disturbance with change in weight;
            d. Sleep disturbance;
            e. Observable psychomotor agitation or retardation;
            f. Decreased energy;
            g. Feelings of guilt or worthlessness;
            h. Difficulty concentrating or thinking; or
            i. Thoughts of death or suicide.
        2. Bipolar disorder, characterized by three or more of the following:
            a. Pressured speech;
             b. Flight of ideas;
             c. Inflated self-esteem;
            d. Decreased need for sleep;
            e. Distractibility;
            f. Involvement in activities that have a high probability of painful consequences that are not recognized; or
            g. Increase in goal-directed activity or psychomotor agitation.

review of the ALJ's decision before the Appeals Council and presented new evidence in the form of records from Gadsden Psychological Services, L.L.C., including a psychological evaluation by Dr. David Wilson dated August 28, 2017. R. 1 & 7–11. On February 8, 2018, the Appeals Council denied review stating that it "found no reason under [its] rules to review the [ALJ]'s decision." R. 1. On that date, the ALJ's decision became the final decision of the Commissioner. On April 12, 2018, Rothschild initiated this action. Doc. 1.

## IV.   DISCUSSION

Rothschild presents three issues to this court. She argues that (1) the Appeals Council erred when it failed to consider new evidence and review the ALJ's decision; (2) the ALJ failed to apply Medical Vocational Guideline 201.12; and

---

AND

B.  Extreme limitation of one, or marked limitation of two, of the following areas of mental functioning (see 12.00F):
　　1.  Understand, remember, or apply information (see 12.00E1).
　　2.  Interact with others (see 12.00E2).
　　3.  Concentrate, persist, or maintain pace (see 12.00E3).
　　4.  Adapt or manage oneself (see 12.00E4).

OR

C.  Your mental disorder in this listing category is "serious and persistent;" that is, you have a medically documented history of the existence of the disorder over a period of at least 2 years, and there is evidence of both:
　　1.  Medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of your mental disorder (see 12.00G2b); and
　　2.  Marginal adjustment, that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life (see 12.00G2c).

20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 12.04.

(3) the denial of benefits was not based on substantial evidence because the ALJ did not consider the new evidence in considering whether Rothschild meets Listings 12.04 and 12.06, and the ALJ's hypothetical question did not accurately encompass Rothschild's RCF and limitations. R. 13–33. The court agrees with Rothschild's first contention.

## A.    New Evidence Submitted to Appeals Council

Rothschild first argues that "[t]he Appeals Council failed to review new, material, and chronologically relevant, post hearing submissions because the records were dated after the date of the ALJ decision, without considering if the submissions were chronologically relevant." Doc. 10 at 13 (omitting emphasis and correcting capitalization). The Commissioner responds that "[t]he Appeals Council did not err when it declined to consider Dr. Wilson's . . . evaluation because there was not a reasonable probability that the evaluation would change the outcome of the [ALJ]'s decision." Doc. 11 at 5.

"With a few exceptions, the claimant is allowed to present new evidence at each stage of this administrative process," including before the Appeals Council. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007) (citing 20 C.F.R. 404.900(b)). The Appeals Council must review a case if it receives additional evidence that is new, material, and chronologically relevant. 20 C.F.R. § 404.970(a)(5); *Ingram*, 496 F.3d at 1261. "[W]hether evidence meets the new,

material, and chronologically relevant standard 'is a question of law subject to [the court's] de novo review,'" and "when the Appeals Council erroneously refuses to consider evidence, it commits legal error and remand is appropriate." *Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1321 (11th Cir. 2015) (quoting *Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003)). New noncumulative evidence is evidence that was not previously presented to the ALJ and "found to be wanting." *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987). Evidence is material when "there is a reasonable possibility that the new evidence would change the administrative outcome." *Id.*

"Evidence is chronologically relevant if it 'relates to the period on or before the date of the [ALJ] hearing decision.'" *McGriff v. Comm'r, Soc. Sec. Admin.*, 654 F. App'x 469, 472 (11th Cir. 2016) (quoting 20 C.F.R. §§ 404.970(b), 416.1470(b)); *see also Washington*, 806 F.3d at 1323 (holding that a physician's opinion subsequent to the ALJ's decision could be chronologically relevant even though the physician "never explicitly stated that his opinions related back to the date of the ALJ's decision"). Even records that postdate the ALJ's decision may be chronologically relevant when they assess conditions existing prior to the decision, the physician evaluated medical records from before the ALJ's decision, and there is no evidence of deterioration. *Washington*, 806 F.3d at 1322.

Rothschild has established that Dr. Wilson's report is new because the

evidence did not exist at the time of the ALJ's decision and the report was not previously in the record reviewed by the ALJ. *See Washington*, 806 F.3d at 1321 n.6 (finding that physician's opinions not previously included in the record were new and noncumulative). And Dr. Wilson performed a reading and comprehension test which is not reflected elsewhere in the record. R. 10. Therefore, Dr. Wilson's report is noncumulative.

In addition, Rothschild argues that Dr. Wilson's report is chronologically relevant, and the Commissioner does not appear to contest chronological relevance. *See* Doc. 11 at 5–14. Dr. Wilson reviewed Rothschild's medical and psychiatric records predating the ALJ's decision and Rothschild told Dr. Wilson about symptoms throughout her life. R. 7–9. In addition, Dr. Wilson's opinion relates back to a period before the ALJ's decision. R. 10–11. For these reasons, the court finds that Rothschild has established that Dr. Wilson's evaluation is chronologically relevant. *See Washington*, 806 F.3d at 1322 (holding that physician's opinion based on post-decision examination was chronologically relevant where physician understood the claimant had symptoms prior to the ALJ's decision, reviewed the claimant's pre-decision records, and indicated that his opinions related back to the period before the ALJ's decision).

Moreover, Dr. Wilson's report is material because there is a reasonable probability that the Commissioner's consideration of the report would change the

administrative outcome. Rothschild contends that Dr. Wilson's report is material

because it is "consistent with medical records of severe depression" and would

establish that Rothschild had an impairment that meets Listings 12.04 and 12.06.

Doc. 10 at 23.[3] The Commissioner responds that substantial evidence supports the

---

[3] Listing 12.06 provides:

    12.06 Anxiety and obsessive-compulsive disorders (see 12.00B5), satisfied by A and B, or A and C:

A.  Medical documentation of the requirements of paragraph 1, 2, or 3:
1.  Anxiety disorder, characterized by three or more of the following;
    a.  Restlessness;
    b.  Easily fatigued;
    c.  Difficulty concentrating;
    d.  Irritability;
    e.  Muscle tension; or
    f.  Sleep disturbance.
2.  Panic disorder or agoraphobia, characterized by one or both:
    a.  Panic attacks followed by a persistent concern or worry about additional panic attacks or their consequences; or
    b.  Disproportionate fear or anxiety about at least two different situations (for example, using public transportation, being in a crowd, being in a line, being outside of your home, being in open spaces).
3.  Obsessive-compulsive disorder, characterized by one or both:
    a.  Involuntary, time-consuming preoccupation with intrusive, unwanted thoughts; or
    b.  Repetitive behaviors aimed at reducing anxiety.

AND

B.  Extreme limitation of one, or marked limitation of two, of the following areas of mental functioning (see 12.00F):
1.  Understand, remember, or apply information (see 12.00E1).
2.  Interact with others (see 12.00E2).
3.  Concentrate, persist, or maintain pace (see 12.00E3).
4.  Adapt or manage oneself (see 12.00E4).

OR

C.  Your mental disorder in this listing category is "serious and persistent;" that is, you have a medically documented history of the existence of the disorder over a period of at least 2 years, and there is evidence of both:
1.  Medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of your mental disorder (see 12.00G2b); and
2.  Marginal adjustment, that is, you have minimal capacity to adapt to changes

ALJ's findings that Rothschild did not satisfy the criteria of Listing 12.04 or 12.06. Doc. 11 at 10 & 14. For the following reasons, the court finds that Dr. Wilson's report is material.

Dr. Wilson diagnosed Rothschild with "Major Depressive Disorder, Recurrent (moderate Panic Disorder)." R. 11. He explained that Rothschild would be "very likely to have a great deal of anxiety" maintaining a job. R. 11. He diagnosed Rothschild with "depression and anxiety, and she also has cognitive deficits and reads at a 5th grade level." R. 11. He found that Rothschild presented "indicators of ADHD," had "problems with impulsivity" and "difficulty focusing," and "is not capable of managing benefits." R. 11. He concluded that Rothschild would have "major problems in any work environment" and "[h]er ability to withstand the pressures of day to day occupational functioning is highly impaired." R. 11.

Dr. Wilson also checked off symptoms on a form indicating that Rothschild exhibited depressive syndrome characterized by: "Depressed mood," "Diminished interest in almost all activities," "Appetite disturbance with change in weight," "Sleep disturbance," "Observable psychomotor agitation or retardation," "Decreased energy," "Feelings of guilt or worthlessness," "Difficulty concentrating

---

in your environment or to demands that are not already part of your daily life (see 12.00G2c).
20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 12.06.

or thinking," "Marked restriction in ability to understand, remember, or apply information," "Marked difficulties in ability to interact with others," and "Marked difficulties in ability to concentrate, persist, or maintain pace." R. 12. He also indicated that Rothschild exhibited symptoms of an anxiety disorder characterized by symptoms of "Restlessness," "Easily fatigued," "Difficulty concentrating," "Irritability," "Muscle tension," and "Sleep disturbance." R. 12. In addition, he noted that Rothschild exhibited symptoms of a panic disorder or agoraphobia characterized by "[p]anic attacks followed by a persistent concern or worry about additional panic attacks or their consequences." R.12.

Considering this evidence, a factfinder could reasonably conclude that Rothschild has a depressive disorder that meets Listing 12.04, and an anxiety disorder, panic order, or agoraphobia that meets Listing 12.06. If Dr. Wilson's findings of Rothschild's deficits were accepted, there is a reasonable probability that the administrative result would change. *See Washington*, 806 F.3d at 1321 ("Considering this evidence, a factfinder could reasonably conclude that Mr. Washington had at least marked difficulties in maintaining social functions, concentration, and persistence, and, thus, his impairment met listing 12.04.").

The Commissioner attacks the materiality of this evidence by arguing that substantial evidence supports the ALJ's findings that Rothschild did not satisfy the

criteria of Listing 12.04 or 12.06.[4] Doc. 11 at 11–14. But the question before the court is whether Rothschild's new evidence creates a reasonable probability that the administrative decision would change—not whether the ALJ's decision is supported by substantial evidence. *See Washington*, 806 F.3d at 1321.

The Commissioner also characterizes Rothschild's argument as alleging that her condition meets Listing 12.04 merely because she was treated for depression and bipolar disorder, and argues that claimant's diagnosis by itself is not sufficient to meet a listing. Doc. 11 at 10. Indeed, a "[d]iagnosis of a listed impairment is not alone sufficient" and "the record must contain corroborative medical evidence supported by clinical and laboratory findings" to meet a listing. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991) (quoting 20 C.F.R. §§ 404.1525, 416.925, 404.1526 & 416.926). But Dr. Wilson's report is not only a diagnosis of depression and bipolar disorder, but also a specific description of his clinical findings and corroborating test results such that his report could satisfy a listing. R. 7–13. Having found that Dr. Wilson's report is new, material, and chronologically relevant, the court finds that the Appeals Council erroneously failed to consider the report.

---

[4] The Commissioner acknowledges that the ALJ did not specifically evaluate Listing 12.06, but argues that the ALJ discussion of Listing 12.04 showed that Rothschild did not meet Listing 12.06. "A finding that a claimant's impairments are not contained in the Listings may be implied from the ALJ's decision." *Gray ex rel. Whymss v. Comm'r of Soc. Sec.*, 454 F. App'x 748, 750 (11th Cir. 2011) (citing *Hutchison v. Bowen*, 787 F.2d 1461, 1463 (11th Cir. 1986)). Several components of Listing 12.04 are similar to Listing 12.06. *Compare* 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 12.04, *with* 12.06. Thus, the ALJ's reasons for finding that Rothschild did not meet Listing 12.06 are implied by the ALJ's decision. *See* R. 26–27.

**B.     Rothschild's Remaining Arguments**

Rothschild's remaining arguments focus on whether she meets Medical Vocational Guideline Rule 201.12, whether the ALJ's decision finding that she did not meet Listing 12.04 and 12.06 was based on substantial evidence, and whether the ALJ's hypothetical question to the VE accurately encompassed her RFC and limitations. These issues are intertwined with the new medical evidence that Rothschild submitted to the Appeals Council. When the Commissioner evaluates the report, the Commissioner may determine that based on the new evidence Rothschild meets a Medical Vocational Guideline Rule or listing, or may revise Rothschild's RFC and limitations. Because the court finds that on remand the Commissioner must evaluate the new evidence in light of all the evidence in the record, the court's disposition of these remaining arguments would, at this time, be premature.

## V.     CONCLUSION

Based on the foregoing, the court finds that the decision of the Appeals Council is not supported by substantial evidence. It is therefore ORDERED that the decision of the Commissioner denying benefits is REVERSED and this action is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for the Commissioner to consider Dr. Wilson's August 28, 2017 report in conjunction with all other medical evidence in the record.

A final judgment will be entered separately.

DONE and ORDERED on August 29, 2019.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE